IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GREGORIO GARCIA**                                                                  **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 3:14CV978 HTW-LRA**

**WARDEN MOSLEY**                                                    **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Gregorio Garcia filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 on December 19, 2014. Garcia is a federal prisoner incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, serving an aggregate term of imprisonment. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

On March 21, 2007, Garcia was arrested on drug charges. On September 4, 2008, he was sentenced in the United States District Court for the Western District of Michigan to a 70-month term for Aiding and Abetting in the Possession with Intent to Distribute Marijuana. On October 21, 2009, he was sentenced in the United States District Court of South Carolina to a 188-month term of imprisonment for Conspiracy to Possess with Intent to Distribute and to Distribute 1,000 Kilograms or more of Marijuana, Unlawful Use of a Communication Facility, Conspiracy to Launder Money, and Re-Entry of an Illegal Alien. The second sentence was ordered to be "served concurrently with any other sentence the defendant is presently serving." The Bureau of Prisons ("BOP")

aggregated Petitioner's sentences into a single, aggregate term, and credited him with the time served from his arrest to the commencement of his first sentence, a total of 533 days of prior-custody credit.[1]

In his petition, Garcia contends that the BOP has miscalculated his sentence in failing to award him credit for the entire time spent in federal custody before his second sentence commenced.  Specifically, he contends that he is entitled to prior-custody credit from March 21, 2007, the date he was arrested and placed in federal custody, through October 21, 2009, the date his second sentence was imposed.  Alternatively, he contends that he is entitled to credit from the date his first sentence was imposed on September 4, 2008, until October 21, 2009.  The Government argues that Garcia is not eligible to receive prior-custody credit towards his second federal sentence for time served on his first federal sentence because that would constitute double credit, contrary to the intent of Congress under 18 U.S.C. § 3585(b).

The United States Attorney General, through the Bureau of Prisons (BOP), "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their sentences." *Leal v. Tombone,* 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)).  The computation is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the BOP determines the date on which the federal sentence commences and, second, the BOP determines whether the prisoner is entitled to any credit for time spent in custody prior to

---

[1] ECF Nos.  7-1—7-6.

2

the commencement of the sentence, i.e., prior-custody credit.  Section 3585 provides as follows:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  Based on the plain language of the statute, "Congress made clear that a defendant could not receive a double credit for his detention time."  *Wilson,* 503 U.S. at 337.  A defendant is entitled to credit for time in official detention *only* if it has not been credited against another sentence.  Further, 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

Applying these principles to the present case, there is no dispute that Garcia spent 533 days, from March 21, 2007 to September 3, 2008, in federal custody prior to the commencement of his first sentence.  It is also undisputed that this time was credited toward his aggregated term of imprisonment.  Further, there is no dispute that Garcia's

second sentence commenced on October 21, 2009, and was ordered to run concurrently "with any other sentence that he was presently serving."[2]

In this case, Garcia argues that the South Carolina District Court had "every intention" that his second sentence would commence on the date that his first sentence was imposed to account for *all* the time he served in custody prior to the imposition of his second sentence. He contends that the court's intention will be realized only if he is awarded additional credit for time served from the imposition of his first sentence, September 4, 2008, through October 20, 2009, an additional 412 days. Garcia notes in support that the South Carolina District Court's order provides that his sentences would run concurrently pursuant to United States Sentencing Guidelines (U.S.S.G.) § 5G1.3(c).

Section 5G1.3 is entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment," and is intended to aid the sentencing court in determining an appropriate term of imprisonment when a defendant is also subject to an undischarged term of imprisonment. At the time of Garcia's second sentencing, subsection (c) read as follows:

> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

---

[2] ECF No. 7-2, p. 3.

4

U.S.S.G. § 5G1.3(c) (2009).  Garcia's contention that the court's reference to 5G1.3(c) reflects an intention to make his second sentence fully or retroactively concurrent with his first sentence is unavailing.

The South Carolina District Court's order does not provide that Garcia would receive credit for all time spent in custody on his first sentence.  *United States v. Perez,* 151 F. App'x 773, 776 (11th Cir. 2005) (recognizing that any intent by a district court that a sentence be retroactive must be clearly stated by the sentencing court).  In this case, the order provides only that his second sentence would be "served concurrently with any other sentence the defendant is presently serving."[3]  *See Giraldo v. Warden, FCC Coleman-Low*, No. 5:12CV103 OC-29PRL, 2014 WL 4791989, at *3 (M.D. Fla., Sept. 24, 2014).  Section 5G1.3(c) is a "catch-all" provision that simply provides courts with the discretion to impose sentences concurrently, partially concurrently, or consecutively to the undischarged term of imprisonment.

Further, the word "concurrent" in this sentencing context "does not mean that the two sentences 'have the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'"  *Coloma v. Holder,* 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting *United States v. Flores,* 616 F.2d 840, 841 (5th Cir. 1980)).  To the contrary, "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner.  Rather, the second sentence runs together with *the remainder* of the

---

[3] ECF No. 7-2, p. 3.

one then being served." *Shelvy v. Whitfield,* 718 F.2d 441, 444 (D.C. Cir. 1983) (emphasis in the original). The Fifth Circuit Court of Appeals has also explicitly declared that "[e]ven [if] it intends to do so, a district court does not have the authority under [18 U.S.C.] § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence." *Miramontes v. Driver,* 243 F. App'x 855, 856 (5th Cir. 2007) (citing *Flores*, 616 F.2d at 841).

Lastly, to the extent Garcia argues that he was entitled to have 533 days of prior-custody credit applied to his second sentence, federal law requires the BOP to treat Garcia's sentences as a single, aggregate term of imprisonment. *See* U.S.C. § 3584(c). As such, credit for the time spent in federal custody has already been applied to his aggregated sentence. Garcia is not entitled to credit toward each individual sentence. *Williams v. Young*, 311 F. App'x 698 (5th Cir. 2009). Even if these sentences were not treated as a single, aggregate sentence, Garcia would not be entitled to have each separate sentence credited with the 533 days of pre-trial custody. The BOP is expressly prohibited from awarding credit for prior custody which has already been credited against another sentence under § 3585(b).

In sum, Petitioner is not entitled to habeas corpus relief based upon the BOP's refusal to apply double credit to his aggregated sentence. Nor is he entitled to have his second sentence calculated to run retroactively concurrent with the commencement of his first sentence. Garcia's claim that the BOP has denied him additional credit to which he is entitled must fail.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED on April 10, 2017.

                                                            s/ Linda R. Anderson  
                                            UNITED STATES MAGISTRATE JUDGE